IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

vs.                                                          No. 2:17-CR-211WJ

JULIO ADRIAN CARDENAS-VELASQUEZ,

    Defendant.

## MEMORANDUM OPINION AND ORDER DENYING DEFENDANT'S MOTION FOR SENTENCING REDUCTION

THIS MATTER comes before the Court upon Defendant's Motion for Sentencing Reduction filed on February 9, 2018 (**Doc. 24**). Having considered Defendant's Motion (Doc. 24) and the United States Probation Officer's Memorandum (Doc. 25), and the applicable law, the Court finds that Defendant's Motion is not well-taken and, therefore, is **DENIED.**

### BACKGROUND

On August 21, 2017, pursuant to a plea agreement with the United States, Defendant pleaded guilty to the following charge(s): Count 1: Conspiracy to Possess with Intent to Distribute a Mixture and Substance Containing a Detectable Amount of Cocaine, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(C); Count 2: Possession with Intent to Distribute a Mixture and Substance Containing a Detectable Amount of Cocaine and Aiding and Abetting, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(C) and 18 U.S.C. § 2; and Count 3: Reentry of a Removed Alien, in violation of 8 U.S.C. §§ 1326(a)(1) and (2) and 8 U.S.C. § 1326(b)(2). *See* Doc. 23 at 1–2; Doc. 25.

Defendant's presentence report was disclosed on April 6, 2017, which utilized the 2016 United States Sentencing Guideline Book (U.S.S.G.). *See* Doc. 15 at ¶ 20 ("The 2016 Guidelines Manual, incorporating all guideline amendments, was used to determine the defendant's offense level. USSG § 1B1.11."). Pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, the parties agreed to a specific sentence of forty-eight (48) months. *See* Doc. 13 at ¶ 11. The Court imposed a sentence of forty-eight (48) months' imprisonment, followed by six (6) years of unsupervised release. *See* Doc. 23 at 3–4. On February 9, 2018, Defendant filed a Motion for Sentencing Reduction, pursuant to 18 U.S.C. § 3582(c)(2), based on Amendment 782 to U.S.S.G. § 2D1.1. *See* Doc. 24. On February 20, 2018, Victoria S. Loya, the United States Probation Officer assigned to this matter, filed a Memorandum addressing Defendant's Motion. *See* Doc. 25.

## DISCUSSION

A sentencing court "does not have inherent authority to modify a previously imposed sentence; it may do so only pursuant to statutory authorization." *United States v. Mendoza*, 118 F.3d 707, 709 (10th Cir. 1997). Defendant has filed his motion pursuant to 18 U.S.C. § 3582(c)(2), which allows a district court to order a sentence reduction if the sentence was "based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . ." *See* 18 U.S.C. § 3582(c)(2). In *Dillon v. United States*, the Supreme Court ruled that a district court must conduct a two-step inquiry for a sentence reduction under § 3582(c)(2): first, the court must decide whether the defendant is eligible for a sentence reduction; and second, the court must consider the factors in 18 U.S.C. § 3553(a) and determine if a reduction is appropriate. 560 U.S. 817, 826–27 (2010).

The Court does not reach the second step of the inquiry because it finds that Defendant is not eligible for a sentencing reduction. Here, Defendant seeks a sentence reduction pursuant to Amendment 782, which retroactively provides a two-point reduction for enumerated drug offenses under U.S.S.G. § 2D1.1. *See United States v. Gutierrez*, 859 F.3d 1261, 1264 (10th Cir. 2017) (discussing the effects of Amendment 782) (citing U.S.S.G. supp. to app. C, amend. 782). Amendment 782 was made effective in 2014. *Id.* at 1268. As Defendant's Pre-Sentence Report notes, his sentencing guideline range was calculated using the 2016 United States Sentencing Guideline Book, which accounts for amendments to the guidelines from previous years. *See* Doc. 15 at ¶ 20; Doc. 25. The Court, therefore, finds that Defendant is not eligible for a sentence reduction under Amendment 782.

Accordingly, for the reasons set forth in this Memorandum Opinion and Order, Defendant's Motion for Sentencing Reduction **(Doc. 24)** is **DENIED**.

**SO ORDERED**

_____
UNITED STATES DISTRICT JUDGE